No. 19A77479

**STATE COURT OF DEKALB COUNTY**
GEORGIA, DEKALB COUNTY

**Date Summons Issued and E-Filed**

11/4/2019

**SUMMONS**

/s/ Monica Gay

Deputy Clerk

Deposit Paid $ _____

JOHN POINDEXTER
27 E. Broad St., Newnan GA 30263
Plaintiff's name and address

**vs.**

[ ] JURY

QAMAR LEB, SWIFT TRASPORTATION CO
OF AZ, LLC, d/b/a SWIFT LEASING CO, LLC
MOHAVE TRANSPORTATION INS
CO & JOHN DOES 1-2
Defendant's name and address

**TO THE ABOVE-NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of State Court, Suite 230, 2nd Floor, Administrative Tower, DeKalb County Courthouse, 556 N. McDonough Street, Decatur, Georgia 30030 and serve upon the plaintiff's attorney, to wit:

GRAY lin C. WArd
Name
27 E. Broad St., Newnan, GA 30263
Address
(770) 251-1289                          736855
Phone Number                          Georgia Bar No.

an **ANSWER** to the complaint which is herewith served upon you, within thirty (30) days after service upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. The answer or other responsive pleading can be filed via electronic filing through eFileGA via www.eFileGA.com or, if desired, at the e-filing public access terminal in the Clerk's Office at 556 N. McDonough Street, Decatur, Georgia 30030

Defendant's Attorney _____

Address _____

Phone No. _____   Georgia Bar No. _____

Third Party Attorney _____

Address _____

Phone No. _____   Georgia Bar No. _____

**TYPE OF SUIT**

☐ Personal Injury ☐ Products Liability
☐ Contract ☐ Medical Malpractice
☐ Legal Malpractice ☐ Product Liability
☐ Other

Principal $ _____

Interest $ _____

Atty Fees $ _____

**Access to the e-filing site and the rules is available at www.dekalbstatecourt.net**
**To indicate consent to e-service check the box below.**
☐ **(Plaintiff consents to e-service pursuant to OCGA 9-11-5 (f). The email address for service appears in the complaint.**

E-file summons1-2016

**IN THE STATE COURT OF DEKALB COUNTY**

**STATE OF GEORGIA**

| | |
|---|---|
| JOHN POINDEXTER, | |
| Plaintiff, | |
| v. | |
| QAMAR LEB; SWIFT TRANSPORTATION COMPANY OF ARIZONA, LLC., D/B/A SWIFT LEASING COMPANY, LLC.; MOHAVE TRANSPORTATION INSURANCE COMPANY  AND JOHN DOES 1-2, | CIVIL ACTION<br>FILE NO.: 19A77479 |
| Defendants. | |

**COMPLAINT FOR DAMAGES**

COMES NOW JOHN POINDEXTER, Plaintiff in the above-styled action, and brings this Complaint for Damages, and shows the Court the following:

1.

JOHN POINDEXTER is, and at all times material to this action, was a resident of the State of Georgia.

2.

Defendant QAMAR LEB is subject to the jurisdiction and venue of this Court.

3.

Defendant QAMAR LEB is a resident of the state of Alabama and may be personally served at 1043 Valley Drive, Attalla, Al 35954.

4.

Defendant SWIFT TRANSPORTATION COMPANY OF ARIZONA, LLC, D/B/A SWIFT LEASING COMPANY LLC, is subject to the jurisdiction and venue of this Court.

5.

Defendant SWIFT TRANSPORTATION COMPANY OF ARIZONA, LLC is a business operating in Georgia and has a business location as 5250 Truman Dr., Decatur, GA 30035. Defendant SWIFT TRANSPORTATION COMPANY OF ARIZONA, LLC may be served by service upon its registered agent, to wit: CORPORATION CREATIONS NETWORK INC, 2985 Gordy Parkway, 1st Floor, Marietta, GA  30006.

6.

Defendant MOHAVE TRANSPORTATION INSURANCE COMPANY is subject to the jurisdiction and venue of this Court.

7.

Defendant MOHAVE TRANSPORTATION INSURANCE COMPANY is a business operating in Arizona and may be served by service upon its registered agent, to wit: NATIONAL REGISTERED AGENTS INC at 3800 N CENTRAL AVE SUITE 460 PHOENIX, AZ 85012. MOHAVE TRANSPORTATION INSURANCE COMPANY is an insurance company which provides public liability insurance on the tractor trailer units which were involved in the motor vehicle accident out of which this cause of action arises, and it is subject to the jurisdiction and venue of this Court under the Georgia Direct Action Statue (codified in O.C.G.A. § 40-2-140) as the insured of the motor contract carrier which was operating those tractor trailer units in Georgia under a certificate of public convenience and necessity issued by the Public Safety Commission.

8.

The true names or capacities of Defendants named herein as John Does (1-2) [hereinafter collectively referred to as "John Does"] are unknown to the Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff will amend this Complaint to show said John Does' true names and service addresses when the same have been ascertained. Plaintiff identifies John Does 1-2 as either joint tortfeasors or possible additional liable parties. Plaintiff alleges  on information and belief that John Does are in some manner responsible for the acts or omissions alleged herein.

9.

On November 12, 2017, Defendant QAMAR LEB operated his 2015 Freightliner Commercial Tractor- Trailer in  a negligent fashion, striking Plaintiff's vehicle and injuring Plaintiff.  The accident occurred on or near Interstate 20 East in Dekalb County.

10.

The Defendant QAMAR LEB owed duties of due and reasonable care to Plaintiff, as well as to other motorists on the road.

11.

Defendant QAMAR LEB's negligence, which constitutes the direct and  proximate cause of the injury to Plaintiff JOHN POINDEXTER, also consisted of, but was not limited to, the following:

   (a)    Driving in a reckless disregard for the safety of others in violation of O.C.G.A. § 40-6-390;

   (b)    Failing to exercise ordinary diligence in violation of O.C.G.A. § 51-1-2-64;

   (c)    Failure to maintain reasonable control of vehicle;

   (d)    Failure to operate vehicle in a safe fashion under the circumstances then existing;

(e)    Failure to take evasive or other reasonable action in order to control vehicle or maintain lane;

(f)    Failure to exercise ordinary care;

(g)    Failure to keep a proper lookout;

(h)    Committing other reckless and negligent acts and omissions, as shall be shown by the evidence and proven at trial.

12.

That Defendant QAMAR LEB was incompetent to drive a commercial m o t o r vehicle and Defendant SWIFT TRANSPORTATION COMPANY OF ARIZONA, LLC, D/B/A SWIFT LEASING COMPANY, LLC, had actual knowledge of his incompetence; thus SWIFT TRANSPORTATION COMPANY OF ARIZONA, LLC, DBA SWIFT LEASING COMPANY, LLC, is liable for Plaintiff's injuries for negligently entrusting the tractor-trailer to Defendant QAMAR LEB.

13.

That Defendant QAMAR LEB was not skilled in driving a commercial motor vehicle and Defendant SWIFT TRANSPORTATION COMPANY OF ARIZONA, LLC, D/B/A SWIFT LEASING COMPANY, LLC, had actual knowledge of his lack of skill and yet SWIFT TRANSPORTATION COMPANY OF ARIZONA, LLC, DBA SWIFT LEASING COMPANY, LLC hired QAMAR LEB t o drive a tractor trailer, thus SWIFT TRANSPORTATION COMPANY OF ARIZONA, LLC, DBA SWIFT LEASING COMPANY LLC is liable for Plaintiff's injuries for negligently hiring QAMAR LEB to drive a commercial motor vehicle.

14.

At all times material hereto, Plaintiff JOHN POINDEXTER conducted himself in a safe and lawful manner and did not in any way cause or contribute to the circumstances, w h i c h caused him to sustain serious bodily injury.

15.

As a direct and proximate result of Defendant's negligence, Plaintiff JOHN POINDEXTER has suffered and will continue to suffer the following:

(a)     past, present and future physical and mental pain and suffering;

(b)     past, present and future loss of enjoyment of life;

(c)     past, present and future loss of earnings and income; and

(d)     past, present and future loss of ability to labor and earn money, as well as other damages.

21.

As a direct and proximate result of the injuries sustained in the subject collision caused by the negligence of Defendant, Plaintiff JOHN POINDEXTER has incurred substantial medical expenses and will continue to require and incur reasonable and necessary medical expenses due to his painful injuries.

22.

By reason of the foregoing, Plaintiff JOHN POINDEXTER is entitled to recover from Defendant compensatory and other damages in such amounts as may be shown by the evidence at trial and determined in the enlightened conscience of the jury.

WHEREFORE, JOHN POINDEXTER prays and respectfully demands verdict and judgment as follows:

(a)     That Summons and Process issue and that the named Defendant be served with a copy of this Complaint and that Defendant be required to appear and answer;

(b)     That Plaintiff be awarded compensatory damages against Defendant, in such an amount as may be shown by the evidence and as may be determined in the enlightened conscience of the jury;

(c)     That Plaintiff be awarded special damages in an amount as may

be shown by the evidence and proven at trial;

(d)     That Defendant be charged with all Court costs attributable to this action and such other costs reasonably incurred in the prosecution and trial of this case;

(e)     That Plaintiff be granted a trial by jury; and,

(f)     That Plaintiff be granted such other and further relief as may be shown by the evidence and the law, and as this Court may deem just and appropriate.

This 4th day of November 2019

                                    */s/GRAYLIN C. WARD*
                                    GRAYLIN C. WARD
                                    Attorney for Plaintiff
                                    Georgia Bar Number 736855

Graylin C. Ward, Attorney
Ward Law Office
27 East Broad Street
Newnan, Georgia 30263
770-251-1289                        STATE COURT OF
gward@numail.org                    DEKALB COUNTY, GA.
                                    11/4/2019 3:18 PM
                                    E-FILED
                                    BY: Monica Gay

**IN THE STATE COURT OF DEKALB COUNTY**

**STATE OF GEORGIA**

JOHN POINDEXTER,

                              Plaintiff,

v.

QAMAR LEB; SWIFT TRANSPORTATION

COMPANY OF ARIZONA, LLC., D/B/A

SWIFT LEASING COMPANY, LLC.;

MOHAVE TRANSPORTATION

INSURANCE COMPANY  AND JOHN

DOES 1-2,

                         Defendants.

CIVIL ACTION
FILE NO.:  19A77479

**PLAINTIFFS' FIRST REQUESTS FOR
ADMISSION TO DEFENDANT QAMAR LEB**

COMES NOW JOHN POINDEXTER, Plaintiff in the above-styled action, and requests, pursuant to O.C.G.A. § 9-11-36, that Defendant admit under oath the truth of the  facts hereinafter set forth, within forty-five (45) days after service of this discovery request upon  said Defendant.

1.

QAMAR LEB has been correctly named as a Defendant in the present action with respect to the legal description of Defendant's name.

2.

The State Court of Dekalb County has personal jurisdiction over Defendant.

3.

The State Court of Dekalb County has subject matter jurisdiction over this action.

4.

1

The State Court of Dekalb County is the court of proper venue in this action.

5.

This Defendant received process in this action, and such process and service is sufficient.

This 4th day of November 2019

*/s/GRAYLIN C. WARD*
Attorney for Plaintiff
Georgia Bar Number 736855
Graylin C. Ward, Attorney

Ward Law Office
27 East Broad Street
Newnan, Georgia 30263
770-251-1289
gward@numail.org

STATE COURT OF
DEKALB COUNTY, GA.
11/4/2019 3:18 PM
E-FILED
BY: Monica Gay

2

## IN THE STATE COURT OF DEKALB COUNTY

## STATE OF GEORGIA

JOHN POINDEXTER,

                        Plaintiff,

v.

QAMAR LEB; SWIFT TRANSPORTATION
COMPANY OF ARIZONA, LLC., D/B/A
SWIFT LEASING COMPANY, LLC.;
MOHAVE TRANSPORTATION
INSURANCE COMPANY  AND JOHN
DOES 1-2,

                        Defendants.

CIVIL ACTION
FILE NO.: 19A77479

## PLAINTIFFS' FIRST REQUESTS FOR
## ADMISSION TO DEFENDANT SWIFT TRANSPORTATION COMPANY
## OF ARIZONA, LLC, DBA SWIFT LEASING COMPANY LLC.

COMES NOW JOHN POINDEXTER, Plaintiff in the above-styled action, and requests, pursuant to O.C.G.A. § 9-11-36, that Defendant admit under oath the truth of the  facts hereinafter set forth, within forty-five (45) days after service of this discovery request upon  said Defendant.

1.

SWIFT TRANSPORTATION COMPANY OF ARIZONA, LLC, DBA SWIFT LEASING COMPANY LLC. has been correctly named as a Defendant in the present  action with respect to the legal description of Defendant's name.

2.

The State Court of DeKalb County has personal jurisdiction over Defendant.

3.

1

The State Court of DeKalb County has subject matter jurisdiction over this action.

4.

The State Court of DeKalb County is the court of proper venue in this action.

5.

This Defendant received process in this action, and such process and service is sufficient.

This 4th day of November 2019

*/s/GRAYLIN C. WARD*
GRAYLIN C. WARD
Attorney for Plaintiff
Georgia Bar Number 736855

Graylin C. Ward, Attorney
Ward Law Office
27 East Broad Street
Newnan, Georgia 30263
770-251-1289
gward@numail.org

STATE COURT OF
DEKALB COUNTY, GA.
11/4/2019 3:18 PM
E-FILED
BY: Monica Gay

**IN THE STATE COURT OF DEKALB COUNTY**

**STATE OF GEORGIA**

| | |
|---|---|
| JOHN POINDEXTER,<br><br>                 Plaintiff,<br><br>v.<br><br>QAMAR LEB; SWIFT TRANSPORTATION<br>COMPANY OF ARIZONA, LLC., D/B/A<br>SWIFT LEASING COMPANY, LLC.;<br>MOHAVE TRANSPORTATION<br>INSURANCE COMPANY  AND JOHN<br>DOES 1-2,<br>                Defendants. | CIVIL ACTION<br>FILE NO.:  19A77479 |

**PLAINTIFF'S FIRST INTERROGATORIES AND REQUEST**
**FOR PRODUCTION OF DOCUMENTS AND NOTICE TO PRODUCE**
**TO DEFENDANTS SWIFT TRANSPORTATION COMPANY OF**
**ARIZONA, LLC, D/B/A SWIFT LEASING COMPANY, LLC.**

COMES  NOW  JOHN  POINDEXTER  Plaintiff  in  the  above-styled  action,  and propounds  the  attached  First  Continuing  Interrogatories  to  Defendants,  SWIFT TRANSPORTATION  COMPANY  OF  ARIZONA,  LLC,  D/B/A  SWIFT  LEASING COMPANY, LLC., pursuant to O.C.G.A. §9-11-33, §9-11-34, § 9-11-30(b)(5), and §24-10-26, respectively, to be answered separately and individually under oath.

Answers to these Interrogatories shall be served upon the attorney for the Plaintiff at the offices of Graylin C. Ward, Attorney of Ward Law Office, 27 East Broad Street Newnan,  Georgia  30263  no  later  than  forty-five  (45)  days  after  service  of  these Interrogatories,  or  at  any  hearing  or deposition in the above matter which is scheduled prior to 45th day after service.

1

## PART I

## <u>INTRODUCTION AND DEFINITIONS</u>

(A)     Each Interrogatory seeks information available to the Defendants, its attorneys and agents, and all persons acting in their behalf. Accordingly, as used herein, the term "Defendants," "you,", "your," refer without limitation to the Defendants, the Defendants' attorneys or investigators, insurers, agents and all other persons acting in the Defendants' behalf. Each of the Interrogatories shall be deemed to be continuing in the manner provided by law.

(B)     As used herein, "person" means an individual firm, partnership, corporation, proprietorship, association, governmental body, or any other organization or entity. When the term "identify" is used in conjunction with the term "person" or if the answer of any Interrogatory herein refers to a person (as defined herein), you are to state each such person's (1) full legal name, (2) present or last known address and telephone number, business or residential, and (3) occupation, job title, business affiliation and/or nature of business.

(C)     When the term "identify" is used herein in conjunction with a document or other tangible thing, or if the answer to any Interrogatory refers to such a document or other tangible thing, you are to state with respect to each such item: (1) the date of the item, (2) the identity of the person who has custody or control of the item, and (3) the nature and substance of the item; all with sufficient particularity to enable it to be identified in a Request to Produce. Alternatively, you may produce the item, provided each document is appropriately marked so as to identify the Interrogatory to which the document is responsive.

(D)     If any document or identification of any document or oral communication is withheld under a claim of privilege, provide information sufficient to determine the identity of the document or oral communication and, as well, state the basis for any asserted

2

claim of privilege.

(E)     As used herein, "date" should mean the exact day, month and year, if ascertainable, or if not, the best approximation (including relationship to other events).

(F)     If you object to part of an Interrogatory and refuse to answer that part, state your objection and answer the remaining portion of that Interrogatory. If you object to the scope or time period of an Interrogatory and refuse to answer that part, state your objection and answer the remaining portion of that Interrogatory. If you object to the scope or time period of an Interrogatory and refuse to answer for that scope of time, state your objection in an answer for that Interrogatory for the scope and time period that you believe is appropriate.

(G)     If any of the following Interrogatories cannot be answered in full after exercising due diligence to secure the information, please so state and answer to the extent possible, specifying your inability to answer the remainder, and stating whatever information you have concerning the Interrogatory.

## PART II

## __INTERROGATORIES__

### 1.

Does any insurance agreement exist under the terms of which the person or company issuing the same may be called upon to satisfy all or part of any judgment which may be entered in favor of the Plaintiff in their action? If so, describe in detail the contents and terms of all such policies (including any subordinate, umbrella or excess insuring agreement or agreements), the name(s) of all insurers, the limits of liability and the amount of deductible or retainage, if any.

2.

State the following: the date QAMAR LEB, was first employed by SWIFT TRANSPORTATION COMPANY OF ARIZONA, LLC, D/B/A SWIFT LEASING COMPANY, LLC., and the name, address, and job rating of the person who was QAMAR LEB's immediate superior on November 12, 2017, and if said supervisor no longer works for you, the date that their or her employment was terminated.

3.

State the following: whether Defendant QAMAR LEB had operated a 2015 Freightliner Commercial Vehicle at any time prior to the time he was hired by Defendants SWIFT TRANSPORTATION COMPANY OF ARIZONA, LLC, D/B/A SWIFT LEASING COMPANY, LLC., and if so, how long, the name and address of each prior employer, the dates he worked for each, the type of work he performed for each, the reason for the termination of their employment with each prior employer; the qualifications of Defendant QAMAR LEB to perform their work; whether Defendants SWIFT TRANSPORTATION COMPANY OF ARIZONA, LLC, D/B/A SWIFT LEASING COMPANY, LLC. requested and/or received a report, memorandum, or a letter from any prior employer of Defendant QAMAR LEB regarding their qualifications; if so, for each letter, report, or memorandum, state the name and address of the prior employer, the date of the instrument, the name, address and job rating of the person issuing such letter, report, or memorandum, the name, address and job rating of the person to whom the letter, report, or memorandum was sent; and the name, address and job title of the person who is the present custodian thereof.

4.

State the following: describe the specific duties that Defendant QAMAR LEB was to

perform on November 12, 2017; what their normal working hours were for one month immediately preceding their above date; the name, address, and job title of the person who assigned the duties for him for the date; the specific work he was performing at the time of the collision, including where he was coming from, their load, and their destination.

5.

Did Defendant QAMAR LEB attend a training program at the request or direction of Defendants SWIFT TRANSPORTATION COMPANY OF ARIZONA, LLC, D/B/A SWIFT LEASING COMPANY, LLC. or any other person or firm which prepared him as an operator of a 2015 Freightliner Commercial Vehicle or other similar vehicles? If so, describe fully, including but not limited to, the name, address, and job title of the person in charge of the training program, and the dates during which Defendant QAMAR LEB participated in the training program.

6.

State the following: whether Defendant QAMAR LEB has been absent from his job at any time as a result of any mental, emotional, or drug-related disorder, and, if so, state the date of each such absence, the name of, or a description of, the disorder; whether Defendant QAMAR LEB had ever been reprimanded, suspended or dismissed from his job as a result of any infraction of rules or regulations at their place of employment, and if so, state the date, describe the rule or regulation violated, and the punishment imposed; whether Defendant QAMAR LEB has ever been involved in any vehicular incident before, either previous to or during their present employment, and if so, as to each incident, state the date and location of each, whether legal proceedings were commenced, the outcome of any such proceedings, the result of any settlement in the absence of legal proceedings, whether any traffic citations

were issued against Defendant QAMAR LEB; whether Defendant QAMAR LEB has ever received a traffic citation, if so, state the date, location, and charge, along with the disposition of each charge either  before a court of law or otherwise.

7.

Describe the tractor-trailer combination unit, which was involved in the subject incident of November 12, 2017, giving its make, year of manufacture, date of purchase or lease, weight, length, and width, as to both tractor and trailer separately.

8.

Describe the markings on the truck or tractor-trailer unit consisting of legends  or markings painted or otherwise inscribed thereon concerning ownership, operation, weight, and license or registrations, describing the location of each marking or legend upon the tractor-trailer unit.

9.

Do you know the identity of any person who was a witness to the occurrence? If any, state as to each and every witness, including parties, known to you or your agents or employees to have seen, heard, or known about the occurrence: the name and address of each, the  location where each witness was at the time he heard or learned about the occurrence, the substance, as best you can give it, of all information or knowledge about the occurrence, the substance, as best you can give it, of all information or knowledge about the occurrence known, whether or not  any such witness gave any statement or account, either oral or in writing, of their or her knowledge of the occurrence, and, if so, give the substance of the same.

10.

Describe in detail any and all conversations, sounds, utterances, speech or noises made

by Plaintiff after the incident that is the subject of Plaintiff's complaint which were heard by any agent or employee of Defendant QAMAR LEB or by any other person known to Defendant.

11.

Describe in full detail how the incident which is the subject of this complaint happened, giving all the events in detail in the order in which they took place, before, at the time of, and after the incident, which had any bearing on the cause and manner of the happening of the same.

12.

Did any person other than Defendant QAMAR LEB or any agent or employee of Defendants  SWIFT TRANSPORTATION COMPANY OF ARIZONA, LLC, D/B/A SWIFT LEASING COMPANY, LLC. in any way cause or contribute to cause the happening of the incident which is the subject of Plaintiff's complaint? If your answer to the preceding interrogatory is in the affirmative, state: the full identity, including name, address   and physical description of any such person, how and in what manner such person in any way caused or contributed to cause the same.

13.

State all facts on which you rely as tending to show any negligence or lack of care of any kind on the part of the Plaintiff.

14.

Describe in detail the load or object carried on the trailer at the time of the incident alleged by the Plaintiff, giving a description of the load or object, including, its weight in pounds, its length in feet, and its height in feet above ground.

15.

On or about the date of the alleged incident of Plaintiff, did Defendants SWIFT TRANSPORTATION COMPANY OF ARIZONA, LLC, D/B/A SWIFT LEASING COMPANY, LLC. has any established procedure for the inspection of the vehicle or the type of vehicle that was involved in the collision? If your answer is in the affirmative, give: a description of the procedure, the date and time of day when the most recent inspection was made just prior to the date and time of the alleged collision, the identification, including the name, job title and address, of each person who participated in such inspection, in complete detail, what such inspection revealed or disclosed.

16.

Describe any repairs made to the subject vehicle, which QAMAR LEB was driving as described in Plaintiff's complaint, for the ninety (90) day period prior to November 12, 2017.

17.

Identify and describe any written rules, procedures, standards, guidelines, policies or the like of Defendants SWIFT TRANSPORTATION COMPANY OF ARIZONA, LLC, D/B/A SWIFT LEASING COMPANY, LLC. pertaining to the safe driving and operation of its motor vehicles.

18.

Identify and describe any training materials, books, pamphlets, notices, letters, handouts, or the like, which Defendants SWIFT TRANSPORTATION COMPANY OF ARIZONA, LLC, D/B/A SWIFT LEASING COMPANY, LLC. has in its possession, custody or control pertaining to the safe driving and operation of its motor vehicles.

19.

Do you or does any agent or employee of Defendants SWIFT TRANSPORTATION COMPANY OF ARIZONA, LLC, D/B/A SWIFT LEASING COMPANY, LLC. have possession or control of, or know of the existence of any maps, pictures, videotapes, films, photographs, plates, drawings, diagrams, measurements, or other written descriptions of the occurrence, or the areas, or persons involved? If your answer is in the affirmative, state for each such item: its nature, its specific subject matter, the date and time it was made or taken, the identification, including name, address, and present whereabouts of the person making or taking it, and the identification, including name and address of the person at whose request it was made or taken.

20.

If it is your contention that Defendants SWIFT TRANSPORTATION COMPANY OF ARIZONA, LLC, D/B/A SWIFT LEASING COMPANY, LLC. is not the employer of Defendants QAMAR LEB, or if it is your contention that Defendants SWIFT TRANSPORTATION COMPANY OF ARIZONA, LLC, D/B/A SWIFT LEASING COMPANY, LLC? is not a proper party to this action, state in full detail the factual basis for any such contentions and cite any statutory or case law upon which you rely to support same, as well as the name of the entity who you contend is the employer of Defendant QAMAR LEB.

21.

If it is your contention that Defendants SWIFT TRANSPORTATION COMPANY OF ARIZONA, LLC, D/B/A SWIFT LEASING COMPANY, LLC. has not been properly served, state in detail the factual basis for the alleged defects in service or process and cite the statutory

or case law upon which you rely to support said contention.

22.

Please identify the manner or method by which SWIFT TRANSPORTATION COMPANY OF ARIZONA, LLC, D/B/A SWIFT LEASING COMPANY, LLC. ensures that its drivers are in compliance with the driving hours as put forth by the FMCSA and that the driver's logbooks are accurate, and:

(a)     Identify all persons who review the drivers' logbooks for compliance with the maximum allowable driving hours as put forth by the FMCSA; and

(b)     How often the logbooks are reviewed.

23.

State whether Defendant QAMAR LEB was an employee of Defendants SWIFT TRANSPORTATION COMPANY OF ARIZONA, LLC, D/B/A SWIFT LEASING COMPANY, LLC. on the date and at the time of the incident which forms the basis of if litigation. If Defendant QAMAR LEB was an employee of Defendants SWIFT TRANSPORTATION COMPANY OF ARIZONA, LLC, D/B/A SWIFT LEASING COMPANY, LLC. at the time of this collision, state whether Defendant QAMAR LEB was acting within the scope of h i s employment for Defendants SWIFT TRANSPORTATION COMPANY OF ARIZONA, LLC, D/B/A SWIFT LEASING COMPANY, LLC. at the time and place of the incident which forms the basis for this litigation.

24.

If the answer to the preceding interrogatory is negative, state what relationship did exist between Defendants SWIFT TRANSPORTATION COMPANY OF ARIZONA, LLC, D/B/A SWIFT LEASING COMPANY, LLC. and Defendants QAMAR LEBA at the time

10

and on the date on the incident which forms the basis of this litigation.

25.

Please state whether or not you contend that any other person contributed in any way to

the incident which gives rise to this action, and if so, state the following;

(a)     The name and address of the person who you contend contributed to same; and

(b)     Please state in detail the allegations of negligence, common law or negligence

per se allegations, which you contend were committed by said persons.

26.

Do you claim that the occurrence in question was in any way caused by a
mechanical defect or malfunction of your vehicle? If so, state the details of said malfunction,
when you first had knowledge of said defect and how you believe it contributed to said
incident.

27.

During the thirteen-hour period immediately preceding this wreck, please state:

(a)     The exact number of hours, including fractions thereof, the Defendants' Driver
        was driving according to the onboard recording device report;

(b)     The exact number of hours, including fractions thereof, the Defendants' Driver
        was driving according to their logbook; and

(c)     If there is a discrepancy between the hours in subparts (a) and (b), please
        explain why such a discrepancy exists.

28.

How long on average does it take to download the onboard recording device data
from the tractor unit in question and state the frequency that SWIFT TRANSPORTATION

11

COMPANY OF ARIZONA, LLC, D/B/A SWIFT LEASING COMPANY, LLC. performs

such download. If SWIFT TRANSPORTATION COMPANY OF ARIZONA, LLC, D/B/A

SWIFT LEASING COMPANY, LLC. does not download the on-board recording device data

on a routine basis, please explain why it does not.

29.

Regarding the tractor (power unit) that was involved in this collision state:

(a)     any changes from its original configuration;

(b)     the contents and weight of the load being transported at the time of the

        incident; and

(c)     whether the tractor-trailer or truck involved in the incident had an on-board

        recording device, computer, tachograph, trip monitor, trip recorder, or trip

        master.

30.

State whether Defendants SWIFT TRANSPORTATION COMPANY OF ARIZONA,

LLC, D/B/A SWIFT LEASING COMPANY, LLC. conducted a post-accident test in

accordance with 49 C.F.R. §382.303 concerning the incident which forms the basis of this

litigation.  If Defendants SWIFT TRANSPORTATION COMPANY OF ARIZONA, LLC,

D/B/A SWIFT LEASING COMPANY, LLC. did conduct a test, state:

(a)     the name, occupation, and address of the individual who conducted the test;

(b)     the date and time when the test were conducted; and

(c)     the name and address of the person who has custody of said test

results.

12

31.

Identify the person, organization or agency which has possession of, custody of or control over the records regarding systematic inspection and maintenance of the tractor involved in this incident as provided for by 49 C.F.R. § 396.3 for the six-month period preceding this incident.

32.

State whether Defendants SWIFT TRANSPORTATION COMPANY OF ARIZONA, LLC, D/B/A SWIFT LEASING COMPANY, LLC. requires the completion by every driver of a "driver's vehicle inspection report" as contemplated by 49 C.F.R. § 396.11. If Defendants SWIFT TRANSPORTATION COMPANY OF ARIZONA, LLC, D/B/A SWIFT LEASING COMPANY, LLC. did require such a report please state:

(a)     whether such "driver's vehicle inspection report" was maintained by Defendants' Driver on the date of the incident which forms the basis of this litigation and for the preceding two weeks; and

(b)     the persons, organizations or agencies which have custody of, possession of, or control over the "driver vehicle condition reports" of Defendants SWIFT TRANSPORTATION COMPANY OF ARIZONA, LLC, D/B/A SWIFT LEASING COMPANY, LLC.'s drivers.

33.

State whether Defendants SWIFT TRANSPORTATION COMPANY OF ARIZONA, LLC, D/B/A SWIFT LEASING COMPANY, LLC. requires its drivers to maintain a "driver's daily log" as provided by 49 C.F.R. § 395.8. If Defendants SWIFT TRANSPORTATION COMPANY OF ARIZONA, LLC, D/B/A SWIFT LEASING COMPANY, LLC. does require

13

its drivers to maintain a log state:

    (a)    whether Defendants SWIFT TRANSPORTATION COMPANY OF ARIZONA, LLC, D/B/A SWIFT LEASING COMPANY, LLC. has in its possession, custody or control daily logs of Defendants' Driver; and

    (b)    the dates of the daily logs of Defendants' Driver currently in possession, custody of control of Defendants SWIFT TRANSPORTATION COMPANY OF ARIZONA, LLC, D/B/A SWIFT LEASING COMPANY, LLC.

34.

State whether Defendants SWIFT TRANSPORTATION COMPANY OF ARIZONA, LLC, D/B/A SWIFT LEASING COMPANY, LLC. maintained systematic inspection and maintenance records as provided for by 49 C.F.R. § 396.3. If Defendants SWIFT TRANSPORTATION COMPANY OF ARIZONA, LLC, D/B/A SWIFT LEASING COMPANY, LLC. did maintain such a record state whether such records of inspection and maintenance are maintained for the vehicle which was driven by Defendants' Driver on the date and at the time of the incident which forms the basis of this litigation, and if so, state the person, organization or agency which has possession of, custody of, or control over said records for a period commencing one year before the incident which forms the basis of this litigation and continuing to date.

35.

Identify each insurance carrier that may provide coverage for damages resulting from this collision and as to each state the effective dates of coverage with policy limits and:

    (a)    Whether said insurance company is defending you under a reservation of rights;

    (b)    State whether the policy was on file with the GPSC on the date of the

incident; and

(c)     State whether the policy had been accepted and approved by the GPSC

pursuant to O.C.G.A. 46-7-12(c).

36.

Please identify the owner of the vehicle which the Defendant QAMAR LEB was

operating at the time of this incident.

37.

Did the Defendants SWIFT TRANSPORTATION COMPANY OF ARIZONA, LLC,

D/B/A SWIFT LEASING COMPANY, LLC. make an inquiry into the Defendant QAMAR

LEB's motor record during preceding three (3) at the time of hiring  or at any time thereafter?

If so, state any violations contained therein.

38.

State the manner and method by which you administered tests for controlled

substances on your drivers and how often these tests were conducted.

39.

Identify the person(s) who have knowledge of the following:

(a)     company safety policies and operations;

(b)     maintenance and repairs of the truck involved in the incident giving rise to

this litigation for the 1-year period preceding the incident;

(c)     responsibility for maintaining company records, including the safety  director;

director  of  fleet  safety  program;  medical  review  officer;  director  of

employee assistance program; medical technologist (for blood, urine and breath

tests);

15

dispatchers; mechanics who worked on the truck; supervisors of the mechanics; person(s) who administer both the driving test and the written test to the Defendant QAMAR LEB; officer of official in charge of operational safety; supervisor of records.

40.

Identify when QAMAR LEB left for the trip at issue, what he was carrying, from where QAMAR LEB left to begin their trip, QAMAR LEB's destination and intended route, the time allotted by SWIFT TRANSPORTATION COMPANY OF ARIZONA, LLC, D/B/A SWIFT LEASING COMPANY, LLC. for the trip, and when QAMAR LEB was scheduled to return to SWIFT TRANSPORTATION COMPANY OF ARIZONA, LLC, D/B/A SWIFT LEASING COMPANY, LLC.'s facilities.

41.

Give the name, address and telephone number of all persons that to you or your representative's knowledge, information or belief:

(a)     were eyewitnesses to the incident giving rise to this lawsuit;

(b)     have relevant knowledge concerning any issues involved in this lawsuit who were not identified in subpart (a), including every person interviewed by you, or on your behalf, in regard to the above entitled action.

42.

Please identify each expert expected to testify at trial and state the subject matter the expert is expected to testify about, the substance of the facts and opinions to which the expert is expected to testify and give a summary of the grounds for each opinion. See O.C.G.A. § 9-11-26(b)(4)(A)(I) / Fed. R. Civ. P. 26(b)(4)(A)(I). Please note that this

16

interrogatory applies to all expert witnesses including all practitioners of the healing arts. The trial court has the power to exclude any expert or any expert testimony not fairly disclosed in your answer to this interrogatory.

43.

Describe with particularity all photographs, charts, diagrams, videotapes, and other illustrations of any person, place or thing involved in this lawsuit, giving the date each was made and the name and address of the person(s) with possession, custody or control of each item.

44.

Within thirty-two (32) hours after the incident did the Defendants' driver provide a urine sample to be tested for the use of controlled substances. If so, identify the person who performed the test.

45.

Describe in narrative detail the events surrounding the occurrence, including but not limited to a description of how, when and where this incident occurred.

46.

State the name, age, address, occupation, and place of employment of every person interviewed by you, or on your behalf, in regard to the above entitled action, and the date and place of such interviews.

47.

With regard to each statement (oral, written, recorded, court or deposition transcript, etc.) taken from any person with knowledge relevant to this lawsuit, please state the name of each person giving each statement, the name and address of the person or entity taking each

17

statement, the date each statement was taken, and the name and address of each person having possession, custody or control of each statement.

## PART III

### PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND NOTICE TO PRODUCE
### TO DEFENDANTS SWIFT TRANSPORTATION COMPANY OF ARIZONA, LLC, D/B/A SWIFT LEASING COMPANY, LLC.

DEFINITIONS AND INSTRUCTIONS

(A)     This request for production of documents shall be deemed continuing to the extent permitted by O.C.G.A. § 9-11-26(e), so as to require Defendants to serve upon plaintiff supplemental answers if Defendants or its attorneys obtain further information between the time the answers are served and the time of trial.

(B)     The following definitions shall apply to this request.

1.     "Document", whether singular or plural, shall mean documents and other tangible things defined in the broadest sense permitted by the Georgia Civil Practice Act and shall include without limitation originals or, if such are not available, true copies of all memoranda, reports, evaluations, correspondence, interoffice communications or memoranda, agreements, contracts, invoices, checks, journals, ledgers, telegraphs, telexes, handwritten notes, periodicals, pamphlets, computer or business machine printouts, accountant's work papers, accountant's statements and writing, notations or records of meetings, books, papers, diaries, promissory notes, evidences of indebtedness, security agreements, loan applications, leases, documents creating or reflecting security interests, loan agreements, financing statements, deposit slips, advertising, office manuals, employee manuals, rules and regulations, reports of experts, drafts and copies of

18

any of the foregoing, or such documents as are not an identical copy of an original or where such copy contains any commentary or notation whatsoever that does not appear on the original, tape recordings or other sound or visual production materials and any other written matter, tangible or physical objects, however produced or reproduced, upon which words or phrases are affixed and from which by appropriate transfixion such matter or tangible thing may be produced in the possession, custody or control of either Defendants or their agents, attorneys, or employees.

2.      "Person" means any natural person, corporation, partnership, proprietorship, association, governmental entity, agency, group, organization or group of persons.

(C)      Whenever production is requested of a document which is no longer in your possession, custody or control, your response should identity the document by name, number, form or description, and by date made, and the date which the document was most recently in your possession, custody and control, the disposition made of the document, and the identity of the person or person now in possession, custody or control of such document. If the document has been destroyed, the response should state the reason for its destruction and the identity of the person or persons who destroyed the document and who directed that document to be destroyed.

(D)      If you object to part of a request and refuse to answer that part, state your objections and answer the remaining portion of that request. If you object to the scope or time period of the request and refuse to answer for that scope or time period, state your objection and answer the request for the scope or time period you believe is appropriate. If any  of the following requests cannot be responded to in full after exercising due diligence to secure the

information, please so state and answer to the extent possible, specifying your inability to answer the remainder, and stating whatever information you have concerning the unanswered portions. If your response is qualified in any particular, please set forth the details of such qualifications.

(E)     In the event you wish to assert attorney/client privilege or work-product exclusion, or both, as to any document requested by any of the following specific requests, then as to each document subject to such assertion, you are requested to provide plaintiffs with identification of such document in writing, such identification to include the nature of the document, the sender, the author, the recipient, the recipient of each copy, the date, the name of each person to whom the original of any copy was circulated, the names appearing on any circulation list of the department associated with such document, a summary statement of the subject matter of such document in sufficient detail to permit the Court to reach a determination in the event of a motion to compel, and an indication of the basis for assertion of the privilege or the like.

(F)     The following Request for Production of Documents and Notice to Produce is made under the provisions of O.C.G.A. §9-11-34, §9-11-30(b)(5), and §24-10-26.

(G)     You are hereby notified to produce for inspection and copying at the offices of Graylin C. Ward Law Office, 27 East Broad Street, Newnan, Georgia 30263, within 45 days after the date of service of this Request for Production of Documents and Notice to Produce; and pursuant to O.C.G.A. § 9-11-30(b)(5), at the time of the taking of Defendants' deposition, and pursuant to O.C.G.A. § 24-10-26, upon any hearing and upon the trial of the above-styled case, the following documents and records which are in your possession, custody or control, the same to be used as evidence by the Plaintiff, to wit:

1.

20

A complete copy of any insurance agreement (including all excess and umbrella policies) under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.

2.

All photographs, videotapes, accident reports, drawings, or diagrams of the accident scene or the vehicles involved in the subject November 12, 2017 incident.

3.

All other documents and materials referred to in your answers to Plaintiff's Interrogatories.

4.

A copy of any time or travel log records showing deliveries made or pick-ups received by Defendant QAMAR LEB on behalf of Defendants SWIFT TRANSPORTATION COMPANY OF ARIZONA, LLC, D/B/A SWIFT LEASING COMPANY, LLC. for the 90-day period preceding November 12, 2017.

5.

A copy of all trip reports showing deliveries made or pick-ups received by Defendant QAMAR LEB on behalf of Defendants SWIFT TRANSPORTATION COMPANY OF ARIZONA, LLC, D/B/A SWIFT LEASING COMPANY, LLC. for the 90-day period preceding July 10, 2012.

6.

A copy of the work schedule of Defendant QAMAR LEB showing his hours worked and routes followed for the 90-day period preceding November 12, 2017.

21

7.

A copy of the Articles of Incorporation of SWIFT TRANSPORTATION COMPANY OF
ARIZONA, LLC, D/B/A SWIFT LEASING COMPANY, LLC.

8.

A copy of the Certificate of Public Convenience and Necessity issued by the
Georgia Public Service Commission to SWIFT TRANSPORTATION COMPANY OF
ARIZONA, LLC, D/B/A SWIFT LEASING COMPANY, LLC., which was in effect on
November 12, 2017, in regard to the vehicle driven by Defendant QAMAR LEB and
identified in Plaintiff's Complaint.

9.

Any documents relating to the Georgia Public Service Commission or ICC
registration regarding the tractor-trailer vehicle driven by Defendant QAMAR LEB and
alleged in Plaintiff's complaint and in effect on QAMAR LEB.

10.

Copies of the documents of title stating ownership of the vehicle and component
parts thereof which was driven by Defendant QAMAR LEB on behalf of Defendants SWIFT
TRANSPORTATION COMPANY OF ARIZONA, LLC, D/B/A SWIFT LEASING
COMPANY, LLC., on November 12, 2017, which was involved in the incident referred to
in Plaintiff's Complaint.

11.

All employment records and personnel files regarding Defendant QAMAR LEB,
including but not limited to their application for employment, any records of training received
by him in connection with their employment with Defendants SWIFT TRANSPORTATION

COMPANY OF ARIZONA, LLC, D/B/A SWIFT LEASING COMPANY, LLC., all disciplinary notices, all tests, all qualifications, and all performance evaluation reports and other records.

12.

Complete    maintenance    and    repair records for    the    Defendants    SWIFT TRANSPORTATION COMPANY OF ARIZONA, LLC, D/B/A SWIFT LEASING COMPANY, LLC., tractor-trailer vehicle identified in Plaintiff's complaint and the complete records of any inspection made by Defendants SWIFT TRANSPORTATION COMPANY OF ARIZONA, LLC, D/B/A SWIFT LEASING COMPANY, LLC. or others of said vehicle.

13.

All manifests, bills of lading, trip leases or other documents relating to the  tractor-trailer vehicle named in Plaintiffs' complaint for the one-month period prior to and including QAMAR LEB.

14.

All written rules, procedures, standards, guidelines, policies or the like of Defendants SWIFT TRANSPORTATION COMPANY OF ARIZONA, LLC, D/B/A SWIFT LEASING COMPANY, LLC. pertaining to the safe driving and operation of its motor vehicles.

15.

All training materials, books, pamphlets, letters, notices, videotapes, movies, or the like, which Defendants SWIFT TRANSPORTATION COMPANY OF ARIZONA, LLC, D/B/A SWIFT LEASING COMPANY, LLC. has in its possession, custody or  control, pertaining to the safe driving and operation of its motor vehicles.

16.

All form accident report forms or any other forms or reports prepared by Defendants SWIFT TRANSPORTATION COMPANY OF ARIZONA, LLC, D/B/A SWIFT LEASING COMPANY, LLC., and submitted to the Motor Carrier Safety Office of the Federal Highway Administration, with respect to the subject QAMAR LEB incident, which forms the basis for this instant action.

17.

Any and all supplemental reports (accident and otherwise) completed by Defendants SWIFT TRANSPORTATION COMPANY OF ARIZONA, LLC, D/B/A SWIFT LEASING COMPANY, LLC., its employees, agents or representatives and submitted to the Motor Carrier Safety Office or any other State or Federal agency or third party or other entity with respect to the subject QAMAR LEB incident which forms the basis for this instant action.

18.

Any statement in your control from the Plaintiff, whether written or recorded.

19.

All photographs, charts, diagrams, videotapes, and other illustrations of any person, place or thing involved in this lawsuit.

20.

All documents evidencing, reflecting, relating to or constituting any communication between plaintiff and Defendants including without limitation all correspondence, letters, notes, tapes, memoranda, and any other evidence of communications that in any way relates to this litigation.

21.

The original or a true and accurate copy of the declaration sheet or coverage page of all insurance policies which provide coverage for this incident.

22.

All documents evidencing, reflecting, relating to or constituting an incident report regarding to this collision.

23.

A copy of the Defendants' Driver's daily logs as required by 49 C.F.R. §395.8 for the thirty (30) day period preceding the date of this incident and for the thirty (30) day period subsequent to this incident and all administrative driver's log or driving time or work time audits created   by the Defendants SWIFT TRANSPORTATION COMPANY OF ARIZONA, LLC, D/B/A SWIFT LEASING COMPANY, LLC. during that time period.

24.

A copy of the pre-trip inspection report.

25.

A copy of the Defendant QAMAR LEB's medical certificate in accordance with 49 C.F.R. §391 et. seq.

26.

Any photographs of the scene of this incident.

27.

A copy of the Post Accident Report as required by 49 C.F.R. § 382.303 as filed by Defendants' Driver QAMAR LEB following the incident which forms the basis for this litigation.

28.

A copy of the periodic inspection report as required by 49 C.F.R. §396.21.

29.

A copy of the QAMAR LEB's employment file including but not limited to:

(a)     applications for employment containing the nature and extent of applicant's experience in motor vehicles;

(b)     a list of all violations of commercial motor vehicle laws or ordinances other than parking of which applicant was convicted or forfeited bond or collateral during the three (3) years preceding the date of application;

(c)     statement setting forth in detail the facts and circumstances surrounding any denial, revocation, or suspension of any license, permit, or privilege to operate a commercial motor vehicle; and

(d)     a list of employers during the three (3) years preceding the date the application is submitted.

30.

A copy of the Defendants' "drivers manual" issued to the Defendants' Driver QAMAR LEB by SWIFT TRANSPORTATION COMPANY OF ARIZONA, LLC, D/B/A SWIFT LEASING COMPANY, LLC.

31.

A copy of the certificate of QAMAR LEB's road test in accordance with 49 C.F.R. §391.31.

32.

Produce a copy of every complaint and/or recommendation by any person or entity

about defects, needed repair and/or maintenance of the vehicle involved in this incident for the six-month period prior to the incident.

33.

Produce a copy of the repair/maintenance record or inspection record for the vehicle involved in this incident for the six-month period prior to the incident.

34.

The complete maintenance file maintained by the Defendants SWIFT TRANSPORTATION COMPANY OF ARIZONA, LLC, D/B/A SWIFT LEASING COMPANY, LLC. in accordance with 49 C.F.R. § 396 et. seq., on the vehicle inclusive of any inspections, repairs or maintenance done to the vehicle, and daily condition reports submitted by drivers for one year prior to the incident

35.

All results of any pre-employment, random or post-accident drug testing on Defendant QAMAR LEB.

36.

All documents of any on-board recording monitor, trip recorder, trip master, or device known by any other name which records information concerning the operation of the tractor trailer for the 30 days before the incident through the date of the incident.

37.

All documents generated by the Defendants' company's incident review board and/or internal organization that reviews incidents of its drivers concerning the chargeability of the incident.

27

This 4th day of November 2019

*/s/GRAYLIN C. WARD*
GRAYLIN C. WARD
Attorney for Plaintiff
Georgia Bar Number 736855

Graylin C. Ward, Attorney
Ward Law Office
27 East Broad Street
Newnan, Georgia 30263
770-251-1289
gward@numail.org

STATE COURT OF
DEKALB COUNTY, GA.
11/4/2019 3:18 PM
E-FILED
BY: Monica Gay

28

## IN IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

JOHN POINDEXTER,

                Plaintiff,

v.

QAMAR LEB; SWIFT TRANSPORTATION
COMPANY OF ARIZONA, LLC., D/B/A
SWIFT LEASING COMPANY, LLC.;
MOHAVE TRANSPORTATION
INSURANCE COMPANY  AND JOHN
DOES 1-2,

                Defendants.

CIVIL ACTION
FILE NO.:   19A77479

### PLAINTIFF'S FIRST INTERROGATORIES
### TO DEFENDANT QAMAR LEB

      COMES NOW JOHN POINDEXTER Plaintiff in the above-styled action, and
propounds the attached First Continuing Interrogatories to Defendant, Q A M A R  L E B ,
pursuant to O.C.G.A. §9-11-33, §9-11-34, § 9-11-30(b)(5), and §24-10-26, respectively, to
be answered separately and individually under oath.

      Answers to these Interrogatories shall be served upon the attorney for the Plaintiff at
the offices of Graylin C. Ward, Ward Law Office, 27 East Broad Street, Newnan,
Georgia 30263 no later than forty-five (45) days after service of these Interrogatories, or
at any hearing or deposition in the above matter which is scheduled prior to 45th day after
service.

### INTRODUCTION AND DEFINITIONS

      (A)    Each Interrogatory seeks information available to the Defendant, its attorneys

STATE COURT OF
DEKALB COUNTY, GA.
11/4/2019 3:18 PM
E-FILED
BY: Monica Gay

and agents, and all persons acting in their behalf. Accordingly, as used herein, the term "Defendant," "you,", "your," refer without limitation to the Defendant, the Defendant's attorneys or investigators, insurers, agents and all other persons acting in the Defendant's behalf. Each of the Interrogatories shall be deemed to be continuing in the manner provided by law.

(B)    As used herein, "person" means an individual firm, partnership, corporation, proprietorship, association, governmental body, or any other organization or entity. When the term "identify" is used in conjunction with the term "person" or if the answer of any Interrogatory herein refers to a person (as defined herein), you are to state each such person's (1) full legal name, (2) present or last known address and telephone number, business or residential, and (3) occupation, job title, business affiliation and/or nature of business.

(C)    When the term "identify" is used herein in conjunction with a document or other tangible thing, or if the answer to any Interrogatory refers to such a document or other tangible thing, you are to state with respect to each such item: (1) the date of the item, (2) the identity of the person who has custody or control of the item, and (3) the nature and substance of the item; all with sufficient particularity to enable it to be identified in a Request to Produce. Alternatively, you may produce the item, provided each document is appropriately marked so as to identify the Interrogatory to which the document is responsive.

(D)    If any document or identification of any document or oral communication is withheld under a claim of privilege, provide information sufficient to determine the identity of the document or oral communication and, as well, state the basis for any asserted claim of privilege.

(E)    As used herein, "date" should mean the exact day, month and year, if ascertainable, or if not, the best approximation (including relationship to other events).

2

(F)     If you object to part of an Interrogatory and refuse to answer that part, state your objection and answer the remaining portion of that Interrogatory. If you object to the scope or

time period of an Interrogatory and refuse to answer that part, state your objection and answer the remaining portion of that Interrogatory. If you object to the scope or time period of an Interrogatory and refuse to answer for that scope of time, state your objection in an answer for that Interrogatory for the scope and time period that you believe is appropriate.

(G)     If any of the following Interrogatories cannot be answered in full after exercising due diligence to secure the information, please so state and answer to the extent possible, specifying your inability to answer the remainder, and stating whatever information you have concerning the Interrogatory.

## PART II

## INTERROGATORIES

### 1.

Please identify all persons assisting in answering these interrogatories.

### 2.

State your full name, give your present residence address, date of birth, social security number, the name of your present employer and your job title, the name of your employer on the date of the incident giving rise to this lawsuit, and list all other names by which you have been known throughout your lifetime, including the dates that you were known by these names.

### 3.

3

Please list your present residence address and all other addresses at which you have resided in the past five (5) years and the dates of each residency.

4.

Please state whether or not you contend that any other person contributed in any way to the incident which gives rise to this action, and if so, state the following;

(a)     The name and address of the person who you contend contributed to same;

(b)     Please state in detail the allegations of negligence, common law or negligence per se allegations which you contend were committed by said persons.

5.

Do you claim that the occurrence in question was in any way caused by a mechanical defect or malfunction of your vehicle? If so, state the details of said malfunction, when you first had knowledge of said defect and how you believe it contributed to said incident.

6.

During the thirteen-hour period immediately preceding this wreck, please state:

(a)     The exact number of hours and fractions thereof you were driving the tractor trailer;

(b)     The exact number of hours and fractions thereof you recorded on your logbook as driving hours; and

(c)     If you drove more hours than reflected in your logbook as driving hours, please explain the reasons for doing so.

7.

Did you receive a traffic citation as a result of this occurrence? If so, give the date, place and manner of disposition of the citation.

8.

4

Describe in narrative detail the events surrounding the occurrence, including but not limited to a description of how, when and where this incident occurred.

9.

Please state where you were driving your vehicle from and what your destination was at the time of the collision.

10.

Please state whether or not the Defendant Driver consumed any alcoholic beverages of any type or any sedative, tranquilizer or other drug, medicine or pill during the seventy-two (72) hours immediately preceding the incident giving rise to this action.

11.

Please state whether, at the time of the incident, which is the subject matter of this litigation, you had any physical disabilities whatsoever and, if so, please describe same.

12.

State whether you have ever been arrested or convicted of a crime (other than a traffic offense)? If so, please identify each incident, date of arrest, the court in which any criminal proceeding against you was held, and the disposition of each charge if applicable. See Lewis v. State, 243 Ga. 443 (1979); Hightower v. General Motors Corp., 175 Ga. App. 112 (1985).

13.

Please list all violations of motor vehicle or traffic laws or ordinances to which you have ever pled guilty or nolo contendere or to which you have been found guilty, the date of such offense, the court in which each case was heard and the nature of the violation charged.

5

14.

State whether you have ever been issued an "out of service" sticker in accordance with 49

C.F.R. §396.9. If you have been issued such a form state:

     (a)    the times and places that all such stickers were issued;

     (b)    what repairs were indicated on the "out of service" sticker; and

     (c)    the name, occupation and address of the person or persons currently in possession, control or custody of the original or copies of the "out of service" sticker issued to you.

15.

State whether you have ever been declared "out of service" in accordance with 49  C.F.R.

§ 395.13. If so state:

     (a)    the date and place of each occasion you were declared "out of service";

     (b)    the reason you were declared "out of service"; and

     (c)    the company that you were hauling for at the time you were declared out of service.

16.

State whether you were ever required to complete a "driver vehicle inspection report"

for the seventy-two hour prior to this incident and forty-eight hours after this incident and,

if so, state:

     (a)    any deficiencies noted on the vehicle;

     (b)    what action was taken to correct any deficiencies; and

     (c)     the identity of the person(s) with a copy of said reports.

17.

State the identity of all persons that to you or your representative's knowledge,

information or belief:

    (a)    were eyewitnesses to the incident giving rise to this lawsuit; and

    (b)    have relevant knowledge concerning any issues involved in this lawsuit who were not identified in subpart (a), including every person interviewed by you, or on your behalf, in regard to the above entitled action.

18.

Please identify each expert expected to testify at trial and state the subject matter the expert is expected to testify about, the substance of the facts and opinions to which the expert is expected to testify and give a summary of the grounds for each opinion.  See O.C.G.A. § 9-11-26(b)(4)(A)(I) / Fed. R. Civ. P. 26(b)(4)(A)(I).   Please note that this interrogatory applies to all expert witnesses including all practitioners of the healing arts. The trial court has the power to exclude any expert or any expert testimony not fairly disclosed in your answer to this interrogatory.

19.

State the names, last-known addresses, places of employment, job classification, and present whereabouts of all agents, servants, employees, representatives, private investigators, or others who investigated this incident on behalf of the defendant.

20.

Describe with particularity all photographs, charts, diagrams, videotapes, and other illustrations of any person, place or thing involved in this lawsuit, giving the date each was made and the name and address of the person(s) with possession, custody or control of each item.

21.

State whether on the date and at the time of the incident which forms the basis of

this litigation, was you an employee of Defendant SWIFT TRANSPORTATION COMPANY OF ARIZONA LLC, D/B/A SWIFT LEASING COMPANY LLC. If you were an an employee of Defendant SWIFT TRANSPORTATION COMPANY OF ARIZONA, LLC, D/B/A SWIFT LEASING COMPANY LLC at the time of this collision state whether y o u w e r e acting within the scope of his employment for Defendant SWIFT TRANSPORTATION COMPANY OF ARIZONA, LLC, D/B/A SWIFT LEASING COMPANY LLC at the time and place of the incident which forms the basis for this litigation.

22.

If the answer to the preceding interrogatory is negative, state what relationship did exist between Defendant you and Defendant SWIFT TRANSPORTATION COMPANY OF ARIZONA, LLC, D/B/A SWIFT LEASING COMPANY LLC at the time and on the date of the incident which forms the basis of this litigation.

23.

Please state whether, at the time of the incident, which is the subject matter of this litigation, you had a valid driver's license from any state, and if your answer is in the affirmative, state the following:

  (a)    the state of issue;

  (b)    Whether there are any restrictions on said license;

  (c)    Nature of any such restrictions.

24.

If you have ever been a party to a lawsuit, including a claim for workers' compensation or a bankruptcy proceeding, identify the person involved, give the style and number of the case, the nature of the litigation, the role you or your family member had in the matter

8

(plaintiff, defendant, etc.) and the court or administrative body before which the suit was filed.

25.

With regard to each statement (oral, written, recorded, court or deposition transcript, etc.) taken from any person with knowledge relevant to this lawsuit, please state the name of each person giving each statement, the name and address of the person or entity taking each statement, the date each statement was taken, and the name and address of each person having possession, custody or control of each statement.

26.

Please state whether, as a result from incident which is the subject matter of this litigation, did you sustain any injuries?  and if your answer is in the  affirmative, state the following:

(a)         Describe the injury you sustained as a result of the incident;

(b)         Please state where were you located inside your vehicle at the moment your vehicle collided with the Plaintiff's vehicle;

(c)         Please state whether you were sleep at the moment your vehicle collided with the Plaintiff's vehicle;

(d)         Please state whether you were transported by ambulance to the hospital;

(e)         Please listed all the names of the medical providers who treated you for the injury you sustained  as a result of the incident;

(f)         Please list the name of the ambulance company that transported you from the scene of the incident to the hospital;

(g)         Please state whether you gave any statements to anyone at the scene of the incident; and if so, please state what statement did you make to them and what statements did they make to you;

(h)         Please state if whether you had to miss day(s) from work due to an injury you may have sustained as a result of the incident;

(i)         Please state if whether you filed a worker's compensation claim due to an injury you may have sustained as a result of the incident;

This 4th day of November 2019

*/s/GRAYLIN C. WARD*
GRAYLIN C. WARD
Attorney for Plaintiff
Georgia Bar Number 736855

Graylin C. Ward, Attorney
Ward Law Office
27 East Broad Street
Newnan, Georgia 30263
770-251-1289
gward@numail.org

STATE COURT OF
DEKALB COUNTY, GA.
11/4/2019 3:18 PM
E-FILED
BY: Monica Gay

**IN THE STATE COURT OF DEKALB COUNTY**

**STATE OF GEORGIA**

| | |
|---|---|
| JOHN POINDEXTER, | |
| | |
| Plaintiff, | |
| | |
| v. | |
| | |
| QAMAR LEB; SWIFT TRANSPORTATION | CIVIL ACTION |
| COMPANY OF ARIZONA, LLC., D/B/A | FILE NO.: 19A77479 |
| SWIFT LEASING COMPANY, LLC.; | |
| MOHAVE TRANSPORTATION | |
| INSURANCE COMPANY  AND JOHN | |
| DOES 1-2, | |
| Defendants. | |

**PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND NOTICE TO PRODUCE TO DEFENDANT QAMAR LEB**

COMES NOW JOHN POINDEXTER Plaintiff in the above-styled action and propounds the attached First Request for Production of Documents and Notice to Produce to Defendant, Qamar Leb, pursuant to O.C.G.A. §9-11-33, §9-11-34, § 9-11-30(b)(5), and §24-10-26.

DEFINITIONS AND INSTRUCTIONS

(A)     This request for production of documents shall be deemed continuing to the extent permitted by O.C.G.A. § 9-11-26(e), so as to require defendant to serve upon  plaintiff supplemental answers if defendant or its attorneys obtain further information between the time the answers are served and the time of trial.

(B)     The following definitions shall apply to this request.

1.     "Document", whether singular or plural, shall mean documents and other

1

tangible things defined in the broadest sense permitted by the Georgia Civil Practice Act and  shall include without limitation originals or, if such are not available, true copies  of  all  memoranda,  reports,  evaluations,  correspondence,  interoffice communications  or  memoranda,  agreements,  contracts,  invoices,  checks,  journals, ledgers,  telegraphs,  telexes,  handwritten  notes,  periodicals,  pamphlets,  computer  or business  machine  printouts,  accountant's  work  papers,  accountant's  statements  and writing,  notations  or  records  of  meetings,  books,  papers,  diaries,  promissory  notes, evidences  of  indebtedness,  security  agreements,  loan  applications,  leases,  documents creating or reflecting security interests, loan agreements, financing statements, deposit slips, advertising,  office manuals, employee manuals, rules and regulations, reports of experts, drafts and copies of any  of  the  foregoing,  or  such  documents  as  are  not  an identical  copy  of  an  original  or  where  such  copy  contains  any  commentary  or notation  whatsoever  that  does  not  appear  on  the  original,  tape  recordings  or  other sound  or  visual  production  materials  and  any  other  written  matter,  tangible  or physical objects, however produced or reproduced, upon which  words  or  phrases  are affixed  and  from  which  by  appropriate  transfixion  such  matter  or  tangible  thing may  be  produced  in  the  possession,  custody  or  control  of  either  defendant  or  their agents, attorneys, or employees.

2.       "Person" means any natural person, corporation, partnership,  proprietorship, association, governmental entity, agency, group, organization or group of persons.

(C)     Whenever  production  is  requested  of  a  document  which  is  no  longer  in your possession, custody or control, your response should identity the document by name, number, form or description, and by date made, and the date which the document was most

recently in your possession, custody and control, the disposition made of the document, and the identity of the person or person now in possession, custody or control of such document. If the document has been destroyed, the response should state the reason for its destruction and the identity of the person or persons who destroyed the document and who directed that document to be destroyed.

(D)     If you object to part of a request and refuse to answer that part, state your objections and answer the remaining portion of that request. If you object to the scope or time period of the request and refuse to answer for that scope or time period, state your objection and answer the request for the scope or time period you believe is appropriate. If any of the following requests cannot be responded to in full after exercising due diligence to secure the information, please so state and answer to the extent possible, specifying your inability to answer the remainder, and stating whatever information you have concerning the unanswered portions. If your response is qualified in any particular, please set forth the details of such qualifications.

(E)     In the event you wish to assert attorney/client privilege or work-product exclusion, or both, as to any document requested by any of the following specific requests, then as to each document subject to such assertion, you are requested to provide plaintiffs with identification of such document in writing, such identification to include the nature of the document, the sender, the author, the recipient, the recipient of each copy, the date, the name of each person to whom the original of any copy was circulated, the names appearing on any circulation list of the department associated with such document, a summary statement of the subject matter of such document in sufficient detail to permit the Court to reach a determination in the event of a motion to compel, and an indication of the

basis for assertion of the privilege or the like.

(F)     The following Request for Production of Documents and Notice to Produce is made under the provisions of O.C.G.A. §9-11-34, §9-11-30(b)(5), and §24-10-26.

(G)     You are hereby notified to produce for inspection and copying at the offices of Graylin Ward, Ward Law Office, 27 East Broad Street, Newnan, Georgia 30263, within 45 days after the date of service of this Request for Production of Documents and Notice to Produce; and pursuant to O.C.G.A. § 9-11-30(b)(5), at the time of the taking of Defendant's deposition, and pursuant to O.C.G.A. § 24-10-26, upon any hearing and upon the trial of the above-styled case, the following documents and records which are in your possession, custody or control, the same to be used as evidence by the Plaintiff, to wit:

1.

Any statement in your control from the Plaintiff, whether written or recorded.

2.

All photographs, charts, diagrams, videotapes, and other illustrations of any person, place or thing involved in this lawsuit.

3.

All documents evidencing, reflecting, relating to or constituting any communication between Plaintiff and Defendant driver including without limitation all correspondence, letters, notes, tapes, memoranda, and any other evidence of communications that in any way relates to this litigation.

4.

The original or a true and accurate copy of the declaration sheet or coverage page of all insurance policies which provide coverage for this incident.

4

5.

All documents evidencing, reflecting, relating to any traffic citation(s) that you received as a result of this collision.

6.

All documents evidencing, reflecting, relating to or constituting an incident report regarding this collision.

7.

A true and accurate copy of your driver's license.

8.

A copy of the defendant driver's daily logs as required by 49 C.F.R. §395.8 for the thirty (30) day period preceding the date of this incident and for the thirty (30) day period subsequent to this incident and all administrative driver's log or driving time or work time audits created by the Defendant QAMAR LEB, during that time period.

9.

A copy of the pre-trip inspection report.

10.

A copy of the Defendant driver's medical certificate in accordance with 49 C.F.R. §391 et. seq.

11.

Any photographs of the scene of this incident.

12.

A copy of the Post Accident Report as required by 49 C.F.R. § 382.303 as filed by Defendant driver following the incident which forms the basis for this litigation.

13.

A copy of the periodic inspection report as required by 49 C.F.R. §396.21.

14.

A copy of all medical bills and records related to any injury you sustained from this incident.

This 4th day of November 2019.

/s/GRAYLIN C. WARD
Attorney for Plaintiff
Georgia Bar Number 736855

Graylin C. Ward, Attorney
Ward Law Office
27 East Broad Street
Newnan, Georgia 30263
770-251-1289
gward@numail.org

STATE COURT OF
DEKALB COUNTY, GA.
11/4/2019 3:18 PM
E-FILED
BY: Monica Gay

6